UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY REY PRODUCE SFO, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSE L. AYAR, an individual doing business as JALISCO PRODUCE,<br><br>    Defendant. | No. C-05-4710 SC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT <u>JUDGMENT</u> |

## I. <u>INTRODUCTION</u>

Plaintiff Rey Rey Produce SFO Inc. ("Plaintiff") brought this action against Jose Ayar ("Defendant"), alleging causes of action for, <u>inter</u> <u>alia</u>, breach of contract and for violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, <u>et</u> <u>seq</u>. Because Defendant, even though properly served with a summons and the Complaint, did not respond to the Complaint, the Clerk of the Court entered default against him.

Presently before the Court is Plaintiff's motion for entry of default judgment. For the reasons stated herein, the Court GRANTS Plaintiff's motion for entry of default and AWARDS Plaintiff $8,129.50.

//

//

**II.  BACKGROUND**

Plaintiff, a seller and shipper of agricultural commodities in the wholesale market, sold and shipped perishable agricultural commodities at the cost of $9,725.45 to Defendant at his request, and sent invoices ("Invoices") detailing the amounts.  See Declaration of Manuel Reynoso in Support of Motion for Entry of Default Judgment ("Reynoso Decl.") ¶¶ 7, 10.  After Defendant failed to pay, Plaintiff brought this action alleging causes of action for (1) breach of contract; (2) enforcement of statutory trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq.; (3) violation of the Perishable Agricultural Commodities Act; and (4) declaratory relief.  See Complaint ("Compl.") at 7-8.  After Plaintiff filed the Complaint, Defendant made some payments, reducing the amount owed to $6,226.95.  See Reynoso Decl. ¶ 14.

Plaintiff asserts that Defendant, who is not an infant or an incompetent person, was properly served with a summons and the Complaint, has not filed any response.  See Plaintiff's Motion for Entry of Default Judgment ("Pl's. Mtn.") ¶ 1.  The Clerk of the Court entered default against Defendant on January 10, 2006.  Plaintiff filed the present motion on May 30, 2006.

Plaintiff contends that he is owed a total of $8,129.50.  This amount is the sum of $6,226.95 for the original order of perishable goods, $923.96 in pre-judgment finance charges at 18% per annum, and $978.59 for attorney's fees.  See Reynoso Decl. ¶ 16.  Plaintiff contends that the rate of post-judgment interest should be 18%.

2

## III. DISCUSSION

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, for purposes of this Motion, the Court accepts as true the facts as portrayed in the Complaint.

"However, entry of default does not automatically entitle the non-defaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Rather, "the decision to enter a default judgment is discretionary." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).

Among the factors which a trial court is to consider when exercising its discretion as to entry of a default judgment are the "merits of plaintiff's substantive claim" and the "sufficiency of the complaint." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The Court will now examine the merits of the case. Plaintiff submitted copies of the Invoices as Exhibits. At the bottom of each Invoice, the following statement appears:

> The perishable Agriculture [sic] commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. [sic] 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. ALL ADJUSTMENTS AND SHORTAGES MUST BE CLAIMED WITHIN 24 HOURS.

3

> TERMS: PACA A [sic] SERVICE CHARGE OF 1 ½% AT THE ANNUAL PERCENTAGE RATE OF 18% WILL BE CHARGED ON ALL ACCOUNTS NOT PAID WITHIN THIRTY DAYS. BUYER AGREES TO PAY REASONABLE ATTORNEY'S FEES IF COLLECTION IN [sic] NECESSARY.[1]

This statement is clear and binds the recipient to an agreement to pay, if necessary, a service charge and reasonable attorney's fees. The Court has no record of Defendant's objections to this agreement, either when the Invoices were sent or after he received a copy of the Complaint. Because Plaintiff submitted sufficient and uncontested evidence to support his claims, the Court has no doubt as to the merits of Plaintiff's substantive claims.

Having settled that, the entry of default judgment in the matter at hand is appropriate provided that the Complaint is sufficient as a matter of law.

A. <u>Breach of Contract</u>

In California, the elements for a cause of action for breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach and (4) damages resulting to plaintiff because of the breach. See <u>Armstrong Petroleum Corporation v. Tri-Valley Oil and Gas Company</u>, 116 Cal. App. 4th 1375, 1391, FN 6 (Cal. Ct. App. 2004).

Plaintiff has pled a claim for relief. As alleged in the Complaint, the Invoices constitute contracts, Plaintiff completed performance by delivering the goods, Defendant has breached by failing to pay for the goods, and Plaintiff has been damaged by Defendant's failure to pay for the goods.

---

[1] This wording is required by 7 U.S.C. § 499e(c)(4) in order to preserve the benefits of the trust created by a PACA transaction.

4

    B.   <u>Enforcement of Statutory Trust Provisions of PACA</u>

Under 7 U.S.C. § 499e(c)(2), "commission merchant, dealer or brokers" must hold the "receivables and proceeds" from the sale of the received agricultural products "in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment...has been received." Unpaid sellers "shall lose the benefits of such trust" unless they provide written notice of their intent to preserve the benefits of the trust to the merchant or dealer. 7 U.S.C. § 499e(c)(3). One such method is to provide notice through invoices or bills which have verbatim the language quoted above.

Based on the foregoing, the Court finds that Plaintiff has stated a claim for relief. Specifically, Plaintiff has provided Defendant with notice as required by statute.

    C.   <u>Violation of Perishable Agricultural Commodities Act</u>

The Court finds that Plaintiff has stated a cause of action under PACA by alleging that Defendant should have and has not held in trust the proceeds from the sales.

    D.   <u>Declaratory Relief</u>

Plaintiff seeks an order from the Court declaring that Plaintiff's trust claims are superior to any other claims Defendant might assert to its accounts receivable to the extent that the accounts receivable "constitute the corpus of the PACA trust funds to which Plaintiff is the beneficiary." Compl. ¶ 26. Plaintiff also seeks an order from the Court declaring that the trust funds never became property of Defendant under 11 U.S.C. § 541, that Plaintiff's claim takes priority over Defendant's

secured and unsecured claims, and that only funds in excess of the trust funds necessary to pay the trust claims are property of Defendant or the estate of the Defendant.  See Compl. ¶ 27.

The Court can grant only that relief that the law allows. Through a PACA trust, the "sellers of the commodities maintain a right to recover against the purchasers superior to all creditors, including secured creditors." Boulder Fruit Express et al. v. Transportation Factoring, Inc., 251 F.3d 1268, 1270 (9th Cir. 2001).

Based on this, the Court declares that, under PACA, Plaintiff's trust claims are superior to those of all creditors, including secured creditors.

Because this Order places Plaintiff's claim first on the list of creditors, both secured and unsecured, the Court finds it unnecessary to issue an order declaring the other rights Plaintiff has asked the Court to uphold.[2]

**IV. CONCLUSION**

The Court GRANTS Plaintiff's motion for the entry of default judgment. As a consequence, the Court AWARDS Plaintiff a total of $8,129.50. This amount is the sum of $6,226.95 for the original order of perishable goods, $923.96 in pre-judgment finance charges at 18% per annum, and $978.59 for attorney's fees. The rate of post-judgment interest is 18%.

---

[2] The claim under 11 U.S.C. § 541 is premature because no bankruptcy petition, either voluntary or involuntary, has been filed. Also, the Court cannot find authority in a (possibly mistakenly cited) statute entitled "7 U.S.C. § (b)(4) and 7" to issue an order declaring what Plaintiff has asked the Court to do.

6

The Court also DECLARES that Plaintiff's PACA trust claim is superior to the claims of other creditors, both secured and unsecured.

IT IS SO ORDERED.

Dated: July 7, 2006

_____
UNITED STATES DISTRICT JUDGE